UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABDULHUSEYN AHADOV,

          Petitioner,

v.

KEVIN RAYCRAFT et al.,

          Respondents.

_____/

Case No. 1:26-cv-679

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.  Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him a bond hearing, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner.[1] (*See* Pet., ECF No. 1.)

---

[1] Petitioner also filed a motion for a temporary restraining order (TRO), seeking an order enjoining Respondents from continuing to detain Petitioner, and from transferring him outside the Western District of Michigan, during the pendency of this action. (Mot., ECF No. 2.) Because this opinion and judgment resolve this action, Petitioner's motion for a TRO is now moot. *See Cal. Palms*

In an Order entered on March 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 6, 2026 (ECF No. 5), and Petitioner filed his reply on March 9, 2026 (ECF No. 6).

## II.    Factual Background

Petitioner is a native and citizen of Azerbaijan. (Pet., ECF No. 1, PageID.4; Notice to Appear (NTA), ECF No. 5-1, PageID.53.) Petitioner entered the United States on August 2, 2021, and was lawfully admitted as a J1 nonimmigrant exchange visitor. (Pet., ECF No. 1, PageID.4; NTA, ECF No. 5-1, PageID.53; 2025 Form I-213, ECF No. 5-3, PageID.61.) On June 8, 2022, Petitioner adjusted his status to a F1 nonimmigrant exchange student and "was allowed to remain in the United States for duration of status." (2025 Form I-213, ECF No. 5-3, PageID.61; NTA, ECF No. 5-1, PageID.53.) On February 23, 2023, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending. (Pet., ECF No. 1, PageID.4; 2025 Form I-213, ECF No. 5-3, PageID.61.) On or about July 7, 2023, Petitioner's F1 student status was terminated "due to failing to maintain his student status." (2025 Form I-213, ECF No. 5-3, PageID.61.)

On September 30, 2025, ICE encountered and arrested Petitioner at a weigh station in Chesterton, Indiana. (Pet., ECF No. 1, PageID.5; 2025 Form I-213, ECF No. 5-3, PageID.61.) On November 28, 2025, ICE issued Petitioner a Form I-862, NTA, charging Petitioner with removability under Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(C)(i) . . . [because] after admission as a nonimmigrant and subsequent change to another nonimmigrant

---

*Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (when the issue presented is no longer live, the issue becomes moot).

status pursuant to Section 248 of the [INA], [he] failed to maintain or comply with the conditions of [his] change of status." (NTA, ECF No. 5-1, PageID.53.)

On December 4, 2025, Petitioner had a bond hearing before the Detroit Immigration Court where the Immigration Judge denied bond because "[Petitioner] did not establish he does not present a substantial flight risk." (Dec. 4, 2025, Order of the Immigration Judge, ECF No. 5-5, PageID.66.) Petitioner requested a subsequent bond hearing. (Jan. 13, 2026, Order of the Immigration Judge, ECF No. 5-6, PageID.69.) The Immigration Judge denied Petitioner's request for a subsequent bond hearing because "relief remains speculative and a proper [Form I-589] application has not been filed in removal proceedings." (*Id.*) A hearing was scheduled before the Detroit Immigration Court for March 16, 2026.[2] (NTA, ECF No. 5-1, PageID.53.)

## III.    Discussion

Here, Petitioner's detention is governed by § 1226(a) because he was lawfully admitted into the United States, but he subsequently overstayed his student visa. *See* 8 U.S.C. § 1226(a). And Respondents acknowledge that § 1226(a) governs Petitioner's present detention.[3] (*See, e.g.*, Resp., ECF No. 5, PageID.36.)

---

[2] The parties do not provide any other information about the March 16, 2026 hearing.

[3] Petitioner argues that the Immigration Court does not have jurisdiction over Petitioner's pending asylum application because the United States Citizenship and Immigration Services (USCIS) had initial jurisdiction over Petitioner's asylum application under 8 C.F.R. § 208.2(a)(1), and the Immigration Court cannot acquire jurisdiction until a Form I-863, Notice of Referral to Immigration Judge, has been filed. (Pet., ECF No. 1, PageID.5.) Respondents assert that 8 C.F.R. § 208.2(b) "does not require USCIS to file a Form I-863, Notice of Referral to Immigration Judge, when a Form I-862, Notice to Appear, has initiated proceedings in immigration court." (Resp., ECF No. 5, PageID.47.) Based on the record before the Court, Petitioner has not shown that Respondents did not have the authority to initiate removal proceedings against Petitioner by filing a Form I-862, Notice to Appear, in Immigration Court. Indeed, Petitioner acknowledges that his F1 student visa status was terminated in 2023, meaning that he does not currently have lawful status in the United States, and that his application for asylum remains pending. (Pet., ECF No. 1, PageID.5.) Therefore, although the Court will conditionally grant Petitioner's § 2241 petition for

"[P]rocedural due process entitles aliens detained under 8 U.S.C. § 1226(a), pending completion of their removal proceedings, to a bond hearing before an immigration judge to determine whether their ongoing detention is justified." *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

In this case, Petitioner received a § 1226(a) bond hearing on December 4, 2025, before the Detroit Immigration Court. At the bond hearing, the Immigration Judge denied bond because "[Petitioner] did not establish he does not present a substantial flight risk." (Dec. 4, 2025, Order of the Immigration Judge, ECF No. 5-5, PageID.66.) In light of the burden of proof applied at the December 4, 2025, bond hearing, for the reasons set forth in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026), the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to

---

the reasons set forth herein, the Court will not grant Petitioner's request for his asylum adjudication to be remanded and referred to USCIS.

4

demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      March 23, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge